NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

MAY 14 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ARTHUR LOPEZ,<br><br>                    Plaintiff-Appellant,<br><br>     v.<br><br>UNITED STATES OF AMERICA; et al.,<br><br>                    Defendants-Appellees. | No. 19-55162<br><br>D.C. No. 8:17-cv-01470-DOC-JDE<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted May 6, 2020**

Before:     BERZON, N.R. SMITH, and MILLER, Circuit Judges.

Arthur Lopez appeals pro se from the district court's summary judgment in

his action alleging premises liability claims under the Federal Tort Claims Act, 28

U.S.C. §§ 2671 *et seq.* ("FTCA"). We have jurisdiction under 28 U.S.C. § 1291.

We review de novo. *Marlys Bear Med. v. U.S. ex rel. Sec'y of Dep't of Interior*,

---

        *       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        **       The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

241 F.3d 1208, 1213 (9th Cir. 2001). We affirm.

The district court properly granted summary judgment on Lopez's FTCA claims because Lopez failed to raise a genuine dispute of material fact as to whether the walkway outside the Ronald Reagan Federal Building and Courthouse was a dangerous condition. *See Conrad v. United States*, 447 F.3d 760, 767 (9th Cir. 2006) ("In assessing the United States' liability under the FTCA, we are required to apply the law of the state in which the alleged tort occurred."); *Taylor v Trimble*, 13 Cal. App. 5th 934, 944 (2017) (premise liability only arises under California law if there is a showing plaintiff's injuries were caused by a "dangerous condition" on the property).

The district court did not abuse its discretion in denying Lopez's motion for appointment of counsel because Lopez did not present "exceptional circumstances" warranting the appointment of counsel. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and "exceptional circumstances" standard for appointment of counsel).

To the extent that Lopez challenges the district court's order denying his reconsideration motion, we lack jurisdiction over that decision because Lopez did not file an amended notice of appeal. *See* Fed. R. App. 4(a)(4)(B)(ii).

We reject as meritless Lopez's contention that the district court's dismissal of his case deprived him of his constitutional rights.

We do not consider facts or documents that were not raised before the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990).

All pending motions and requests are denied.

**AFFIRMED.**